IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 14-CR-30028 |
| NANCY J. HUSKINS, | ) |
| Defendant. | ) |

### UNITED STATES' SENTENCING COMMENTARY

The United States of America by its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and John E. Childress, Assistant United States Attorney, herein files its sentencing commentary in the above captioned matter.

I. Factual Background.

The United States adopts the facts as recited in the Revised Pre-Sentence Report (PSR).

II. Sentencing Objections.

    A.   United States' Objections.

The United States has no objections to the PSR.

    B.   Defendant's Objection and Response of the United States.

    1.   Paragraph 26 / Page 8 of the PSR.

Defendant contests the application of United States Sentencing Guideline (U.S.S.G.) §3B1.3 and the resulting two level increase.  In her commentary, Defendant claims that an undated job description supports her claim that she was an "ordinary teller" with "no managerial or professional discretion."  Moreover, Defendant claims that if deemed to have abused a position of trust, "it is hard to imagine a bank employee in a small bank who would not get the

enhancement." Notwithstanding Defendant's assertions, as made clear by her employment evaluations, the means by which she embezzled $1,982,685.00 from the State Bank of Lincoln (SBL), and from her own confession to the crime, that §3B1.3 is properly applied.

    a.   Defendant's Performance Evaluations.

Attached as Government's Exhibits 1-15 are Defendant's annual job performance reviews for the years 1995-2007 and 2011-2012. Notable is the uniform description of Defendant's position as "Teller Supervisor." That description is consistent with Defendant's job duties and responsibilities as described below.

    b.   Defendant's F.B.I. Interview.

§3B1.3 provides in relevant part that "If the defendant abused a position of … private trust … in a manner that significantly facilitated the commission or concealment of the offense, increase by **2** levels." (Emphasis in original). "Persons holding such positions [of private trust] ordinarily are subject to significantly less supervision …." U.S.S.G. §3B1.3, comment. (n.1). A review of the uncontested facts in this case reveals that Defendant would have neither been able to commit nor conceal her embezzlement absent the trust placed in her by the SBL. That trust was manifested by a purposeful lack of supervision by the SBL further enabling Defendant's criminal activity.

On June 23, 2014, Defendant submitted to a voluntary interview regarding her offense conduct with agents of the Federal Bureau of Investigation. During that interview, Defendant personally detailed how she committed and concealed her crime over a 17 year period.

Defendant first acknowledged that she "began as a teller and later became the teller supervisor." Defendant detailed how she first began to take money from her teller drawer. In the initial stages of the scheme, that money was "repaid" from money taken from the "head

window drawer." "The head window drawer was used to store money for all of the tellers … and had up to $80,000.00 or $90,000.00 at times." "<u>Huskins controlled the head window drawer.</u>" (Emphasis added).

Defendant's embezzlement next moved to the theft of currency directly from the bank's vault. According to Defendant, she "opened it [the vault] ninety nine percent of the time." Defendant "would go into the vault three or four times a week by herself for normal bank business and for theft. No one said anything to her or seemed to care, <u>they just thought it was normal banking business</u>." (Emphasis added). To conceal her theft from the vault, Defendant would fill the empty cloth bags which had contained the cash with folded up cloth bags to simulate money inside. To Defendant's knowledge, "the cloth bags were never opened and counted by any regulators or bank employees."

Defendant's abuse of her position of trust is further substantiated by uncontested facts contained in the PSR. Uncontested by Defendant are the facts that: she was authorized to order currency on behalf of the SBL and did not have to consult with superiors to do so; she was one of only three persons with access to the cash vault; and that when an audit was conducted, Defendant was relied upon to participate in it. Notwithstanding her objection, the uncontested facts in this case demonstrate that §3B1.3 is properly applied to Defendant.

III. <u>Application of the United States Sentencing Guidelines</u>.

Although not designated as an objection, Defendant utilizes the vast majority of her sentencing commentary urging this Court to completely disregard the U.S.S.G. in this case. While Defendant's citation to authority is abundant and varied (even including a report commissioned by the British Home Office) it is similar in one significant respect, <u>a complete absence</u> of controlling authority in this Circuit supporting such a course of action. This Court is

properly vested with significant discretion in sentencing matters but Defendant's attempt to recast that discretion as a wholesale abandonment of the United States Sentencing Guidelines is not in any way supported by legal authority.

                                                      Respectfully submitted,

                                                      JAMES A. LEWIS
                                                      UNITED STATES ATTORNEY

                                                      /s/ John E. Childress
                                                      Assistant United States Attorney
                                                      318 South Sixth Street
                                                      Springfield, Illinois 62701
                                                      (217) 492-4450

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record.

/s/ John E. Childress